UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80136-ROSENBERG

UNITED STATES OF AMERICA

v.

BRIAN MATTHEW SIGOUIN,

Defendant.

# UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 2253, and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant BRIAN MATTHEW SIGOUIN (the "Defendant") in the above-captioned matter. The United States seeks a preliminary order of forfeiture and the forfeiture of certain property in satisfaction thereof. In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On July 30, 2019, the United States filed a Indictment charging the Defendant in Count 1 with knowingly receiving any visual depiction, to wit: dadwjentvview.avi, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, to wit: an ASUS laptop, SN# EBNOWU22093047D, and the production of such visual depiction in volved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code,

Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1). In Counts 2-4 the Defendant was charged with knowingly possessing One (1) ASUS Laptop, SN# EBNOWU22093047D; One (1) Black San Disk 256 GB USB Drive; and One (1) Seagate Hard Drive, SN # 2GE12EA1, which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means, including by computer, and the production of such visual depiction having involved the use of a minor engaged in sexually explicit conduct, depiction having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and such visual depiction was of such conduct, in violation of Title18, United States Code, Sections 2252(a)(4)(B) and (b)(2). Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged pursuant to Title 18, United States Code, Section 2253, that upon conviction of any offense in violation of Title18, United States Code, Section 2252, as alleged in this Indictment, the Defendant shall forfeit (a) any visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received, in violation of Chapter 110 of Title 18, United States Code;

 (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and

 (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. The property which is subject to forfeiture includes, but is not limited to, One (1) ASUS Laptop, SN# EBNOWU22093047D; One (1) Black San Disk 256 GB USB Drive; and One (1) Seagate Hard Drive, SN # 2GE12EA1. All pursuant to Title 18, United States Code, Section 2253 and the procedures set forth at Title 21, United States Code, Section 853. *See id.* at 2-3.

3. On January 2, 2020, the Court accepted the Defendant's guilty plea to the Indictment. *See* Minute Entry, ECF No. 55; Plea Agreement ¶ 1, ECF No. 58. As part of the guilty plea, the Defendant agreed to the forfeiture of one (1) ASUS Laptop, SN# EBNOWU22093047D; one (1) Black San Disk 256 GB USB Drive and One (1) Seagate Hard Drive, SN # 2GE12EA1

Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> The defendant knowingly and voluntarily admits that the following personal property was used, or intended to be used, to commit or to promote the commission of the offense to which he agrees to plead guilty herein, and contains visual depictions in Title 18, United States Code, Section 2252(a)(4)(B)(i):
>
>     a) One (1) ASUS Laptop, SN# EBNOWU22093047D;
>     b) One (1) Black San Disk 256 GB USB Drive; and
>     c) One (1) Seagate Hard Drive, SN # 2GE12EA1.

Plea Agreement, ¶ 9.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Title 18, United States Code, Section 2253 and Title 18, United States Code, Chapter 110, property, real or personal was used or intended to be used by defendant to commit or to facilitate the violation charged in the Indictment, or which property, real or personal, constitutes or is derived from proceeds that defendant obtained, directly or indirectly, from the violation of Possession of Child Pornography. If a Defendant is convicted of such violation, the Court "shall order" the

forfeiture of property as part of the sentence. *See* Title 18, United States Code, Section 2252. Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A). To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminary forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

### B. Property Subject to Forfeiture in Instant Criminal Case

In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 2253.

d) One (1) ASUS Laptop, SN# EBNOWU22093047D;
e) One (1) Black San Disk 256 GB USB Drive; and
f) One (1) Seagate Hard Drive, SN # 2GE12EA1.

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 2253, and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

**LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on July 14 2021, and there is no opposition or objection to the relief sought.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:  s/ *Richard O.I. Brown*
RICHARD O.I. BROWN
ASSISTANT U.S. ATTORNEY
Admin. Bar No.: A5500257
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (561) 209-1053
FAX: (561) 356-7180